This was an action by the State Bank, as the holder of a promissory note drawn by defendant, in favor of II. Stoddard, Miller & Co. The note was for the sum of $750, and dated 18th March, 1840, payable eighteen days after date. The handwriting of the parties was admitted. The defence relied upon was a certain deed which was introduced in evidence by the defendant, dated the 22d day of June, 1840, and executed between the defendant, on the one part, and James Rose, President of *92 the South Western Railroad Bank The deed recited that the defendant, by reason of misfortune, was unable to pay and satisfy to his creditors the sums of money to them respectively due and owing ; that he was desirous of securing and satisfying his creditors, and for that purpose transferred to the said James Rose all his property, as the same is therein described and set forth, subject to certain conditions thereinafter expressed of and concerning the same; that “in consideration of the premises, the said James Rose had agreed to certain conditions, covenants and agreements, as well on the part of the said party of the second part, as on the part of all others who are creditors of the said John Cessford Kerr, to be observed, kept and performed, which said covenants and agreements are hereinafter more particularly set forth and expressed, and for the faithful preserving, performing and keeping of which the said party of the second part, and all other person or persons, party or parties, as named in the schedule, creditors of the said John Cessford Kerr, are and shall be, previously to the full effect and efficacy of these presents* respectively, unto the said John Cessford Kerr, by these presents firmly held and bound.”
In the argument of the case before me, great stress was laid upon the precise words of the deed. I have, therefore, given the above extract from the deed, and will do so in the other part of the same instrument, to which I shall have occasion to allude. After conveying a considerable amount of property, the following trusts, upon which the questions in this case are made, are declared and expressed. “In trust to pay, discharge and satisfy, in equal portions and rateably, the sura and sums of money respectively due and owing to the several parties who are, or may become, parties to these presents, according to the terms of payment hereinafter expressed and agreed upon.” “ And it is also well understood, covenanted and agreed upon, by and between the said John Cess-ford Kerr and the said party of the second part, and also all other party or parties to these presents, that no part or portion of the property hereinafter conveyed, shall be sold, conveyed or disposed of before the expiration of five years, commencing from the date of these presents, unless with the consent of the said John Cessford Kerr, thereto by him given and subscribed in writing.”
In another part of the deed this clause appeared immediately after the habendum in the deed. “ Subject to, nevertheless, the following trusts, conditions, covenants and agreements, of and concerning the same, &c., that is to say, that the said John Cessford Kerr shall be allowed by the said party of the second part, and by all other person or persons, party or parties, creditors of the said John Cessford Kerr, set forth in the said schedule, to substitute for the promissory notes of the said John Cessford Kerr, now by them held respectively, or for which they, or any of them, maybe responsible, other new notes of the said John Cessford Kerr, and endorsed in the same manner as the original notes for which they have been substituted : and that the said new notes shall be made payable in five equal annual instalments, commencing from the day of the date of these presents.”
On the part of the defendant it was contended, that by the terms of the deed, the defendant was entitled to a new credit of five years; that this was an agreement upon good consideration, as the defendant had traus- *93 ferrcd bis property upon certain* conditions, of which this was one; and that the plaintiff's had therefore no right of action against him. That the agreement to substitute new notes, was a privilege given to Kerr, which he could exercise or not; that it was not a condition. For the plaintiff's it was urged that this was a condition, a part of the contract on the part of Kerr, that he was to give the new notes, and in relation to all claims against him where such new notes were not given, he had failed in the performance of a covenant on his part. I considered the position last stated as correct, and so charged the jury; a verdict was taken for the amount of the note with interest, and the defendant appealed, on the annexed grounds :
1. Because, by the deed offered in evidence by the defendant, a new credit was given to the defendant for valuable consideration by the same, the plaintiff was estopped from proceeding at law, until default made in the new credit.
2. 'that so much of the deed as relates to the substitution of new notes for the old notes held by the State Bank, was nothing more than a privilege given to the defendant, and it was left to him to use it or not, as he pleased.
3. That by the said deed, the parties to the same were bound not to proceed to sell any portion of the said property, and consequently they will be estopped from proceeding at law. or otherwise where the result of a verdict for the plaintiff would give the fullest power to exercise the right, which was renounced for five years.
4. That the verdict was in other respects against the law and evidence.